(No. 2406— 

WILLIAM J. CONNELL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

ANDREWS & YOUNG, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant was employed by respondent at the Dixon office of the Division of Highways, as a painter, at a salary of One Hundred Eight Dollars ($108.00) per month. On June 21, 1933 while riding on a State Highway truck from the place of his work near Kewanee to the Paint Shop at Dixon, the truck collided with another automobile at an intersection of State Highways in Annawan, Illinois, and claimant was injured; the injuries consisting of a V shaped cut about two inches long on his chin; a cut on his left cheek about two inches long and the loss of three upper teeth, and the loosening of all the other upper teeth, resulting in their later removal; also a skin cut one inch long above the hair line on the right side of the forehead. All of plaintiff's medical expenses, and the cost of a new set of upper teeth have been paid for by the State, as his employer, and plaintiff has received full pay during his temporary total incapacity and is still employed by the State. He was thirty-two years of age at the time of the injury and he had two children, one aged eleven and another aged eight years. Additional compensation was claimed in the sum of "One Thousand Dollars ($1,000.00) for serious and permanent disfigurement to the face and head, under Paragraph 8-C of the Workmen's Compensation Act."

In his Statement, Brief and Argument, plaintiff submits the following: "The question which complainant desires to present is whether he is entitled to any further compensation for the disfigurement caused by the scars and the loss of teeth; * * * that because he still suffers severe headaches as a result of the brain concussion * * * his recovery is not complete, and this court should allow his claim to stand open so that if, at any time in the future, the consequences of the brain concussion and injuries become so serious as to amount to incapacity, complainant will not be barred from having any further award to which he may be entitled under the law."

The Statute under which claims of employees are heard by this court specifies that same shall be considered under the provisions of the Workmen's Compensation Act of Illinois.

Any question as to deferred or an increasing disability that plaintiff may desire to urge in the future will therefore be governed by the terms of that Act.

While plaintiff at the time of the accident was not at the scene of his labors but was returning therefrom, he was riding in a State truck. As the State was providing the means of conveyance, this claim comes within the exception as to non-liability of the employer for accidents occurring off the premises.

He is entitled at this time, under the proof, to an award for physical disfigurement. His counsel in their Brief and Argument state that "complainant himself is unable to compute the pecuniary measure of the injuries to him." Plaintiff's disfigurement has not in fact interfered with his employment as he is still employed by the State. Such disfigurement might well affect his opportunity for employment in a general way, however. From the evidence in the record, including the photograph appearing therein, an award of Five Hundred Dollars ($500.00) is allowed.